■ In the Matter of the Claim of DANIEL McKENZIE, Respondent, v NEW YORK JOCKEY INJURY COMPENSATION FUND et al., Appellants, and SAL RUSSO RACING STABLES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.
[811 NYS2d 226]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed February 2, 2005, which, inter alia, ruled that claimant was a covered employee under the Workers' Compensation Law.

Claimant, an exercise rider at Belmont Racetrack, sustained injuries to his pelvic area while working out a horse in December 2003. Although the New York State Racing and Wagering Board had issued claimant a license authorizing his participation in thoroughbred racing as an exercise rider, his license had expired prior to the date of his accident. Following a hearing, a workers' compensation law judge (hereinafter WCLJ) established claimant's case and authorized necessary medical treatment. The WCLJ also determined that, notwithstanding his expired license, claimant was a covered employee of the New York Jockey Injury Compensation Fund (hereinafter Fund) and held the Fund responsible for claimant's medical treatment and bills. The Workers' Compensation Board thereafter upheld the WCLJ's decision, prompting this appeal by the Fund and its workers' compensation carrier, and we now affirm.

Our holding in *Matter of Adames v New York Jockey Injury Compensation Fund, Inc.* (15 AD3d 696 [2005]) is dispositive of the issue presented in this case. As we noted therein, pursuant to the applicable provisions of the Workers' Compensation Law (*see* Workers' Compensation Law § 2 [3], [4], [5]; § 50 [8]) and the Racing, Pari-Mutuel Wagering and Breeding Law (*see* Racing, Pari-Mutuel Wagering and Breeding Law § 213-a), an exercise rider, regardless of the expiration of his or her license, is properly considered a covered employee of the Fund (*see Matter of Adames v New York Jockey Injury Compensation Fund, Inc., supra* at 697-698). Accordingly, we will not disturb the Board's decision. The remaining contentions advanced by the Fund and its carrier, including their claim that the Board failed to address each of the issues that were before it, have been examined and found to be without merit.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.